UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN PAUL GREEN,

            Plaintiff,

  v.                                                  Case No. 25-cv-0605-bhl

BROVO LTD PARTNERSHIP LLC,
SEQUOIA REAL ESTATE MGT,
ROBERT PERRY and JOHN DOE,

            Defendants.

## SCREENING ORDER

On April 28, 2025, Plaintiff John Paul Green, proceeding without an attorney, filed this lawsuit asserting that Defendants Brovo LTD Partnership LLC, Sequoia Real Estate Management, Robert Perry, and John Doe violated the Americans with Disabilities Act (ADA). (ECF No. 1.) Although not included as a defendant in his case caption, Green also indicates in his complaint that he is suing a "Ms. Hall" for defamation. (*Id.* at 4.) Green also filed a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Green's IFP motion and for the screening of his complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Green's IFP application includes information about his finances and is signed under penalty of perjury. (ECF No. 2 at 4.) He represents that he is unemployed, unmarried, and has no dependents. (*Id.* at 1.) He states that he receives $2,782 per month in retirement income. (*Id.* at 2.) His monthly expenses total $2,500. (*Id.* at 3.) On these facts, the Court will deny Green's IFP motion because he is not sufficiently indigent to warrant a fee waiver. While a plaintiff need not show that he is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal

remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Green's monthly income exceeds his stated monthly expenses by almost $300 and puts him outside the "truly impoverished" litigants for whom IFP status is intended and reserved. Indeed, he is in significantly better financial condition than many litigants in this Court and has the financial resources to facilitate payment of the filing fee.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts

to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

According to his complaint, Green rented an apartment from Sequoia Real Estate Management in July 2023. (ECF No. 1 at 2.) During his walk-through inspection in June 2023, he requested that the apartment install grab bars in the showers, but the bars were never installed. (*Id.*) The grab bars were requested to accommodate his vertigo. (*Id.* at 3–4.) On July 20, 2023, Green fell when exiting the shower. (*Id.* at 2.) He informed Hall of the accident, but she accused him of lying and of being sexually inappropriate towards other female residents. (*Id.*) Green also notified a Robert Perry, who worked for the property owner, Brovo Limited Partnership. (*Id.* at 3.) Perry informed Green that he would look into it and told Green that rent would be waived while Perry investigated. (*Id.*) Perry never reached out again after that. (*Id.*) In February 2025, Green received a non-renewal notice with threats of eviction that "violate[d] the agreement [he] had with Mr. Perry." (*Id.*) He asks that the Court stop all efforts to evict him and discharge all rent and utilities accumulated from the past, present, and future. (*Id.* at 4.) He also seeks payment for his medical expenses, payment for pain and sufferings, payment for potential earnings, and money damages from Hall. (*Id.*)

## ANALYSIS

Green maintains that Brovo Limited Partnership and Sequoia Real Estate Management violated the ADA. (*Id.* at 2.) The ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516–17 (2004). Title III provides that public accommodations include "an inn, hotel, motel, or other place of lodging" and creates a cause of action for "any person who is being subjected to discrimination on the basis of disability." 42 U.S.C. §§12181(7)(a), 12188(a)(1). To state a claim under Title III, the plaintiff must (1) allege that he is currently being subjected to discrimination; (2) allege that said discrimination is because of a disability; and (3) seek injunctive relief. *See Ruffin v. Rockford Mem'l Hosp.*, 181 Fed. App'x 582, 585 (7th Cir. 2006) (citing 42 U.S.C. 12188(a)(1); *Goodwin v. C.N.J. Inc.*, 436 F.3d 44, 50 (1st Cir. 2006)).

Green alleges that Sequoia Real Estate Management and Brovo Limited Partnership discriminated against him because of his disability when they failed to install grab bars to accommodate his vertigo. This allegation is insufficient to support an ADA claim, because the ADA does not apply to *private* apartment rentals of the kind Green describes in his complaint. As noted above, the ADA bars discrimination in connection with *public* services, programs, and activities or *public* accommodations. Green does not plausibly allege that Sequoia Real Estate Management and Brovo Limited Partnership discriminated against him in connection with *public* services, programs, and activities or *public* accommodations. Because the defendants leased *private* accommodations to him, they cannot be held liable under the ADA.[1] *See Bass v. Brannen*, No. 23 C 354, 2024 WL 1408212, at *4 (N.D. Ill. Apr. 2, 2024) (collecting cases) (concluding that private housing does not fall under the ADA's definition of public accommodations).

Green has not clearly indicated whether he wishes to pursue a claim against Hall, but if he wishes to do so, his current allegations are insufficient. To state a defamation claim under Wisconsin law, a plaintiff must allege that the defendant made a false statement to a person *other* than the person defamed. *In re Storms v. Action Wis., Inc.*, 750 N.W.2d 739, 748 (Wis. 2008) (quoting *Torgerson v. Journal/Sentinel, Inc.*, 563 N.W.2d 472, 477 (Wis. 1997)). Green alleges that Hall falsely accused him of being sexually inappropriate to female residents—but contends that Hall made the statement *to him*, not to a third person. Accordingly, Green's claim against Hall likewise cannot survive screening.

Because Green is acting without help from a lawyer, the Court will allow him the opportunity to file an amended complaint that cures the deficiencies identified in this order. To do so, Green must pay the filing fee and file an amended complaint. Green should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Green should set forth his allegations in short and plain statements, focusing on the facts of his case rather than abstract legal terms. He should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. He should identify what claims he wishes to bring that are actionable in federal court. And he should name

---

[1] Discrimination in connection with private housing may give rise to claims under the Federal Fair Housing Act, 42 U.S.C. §3604, but Green has not attempted to assert a claim under this statute.

as defendants only those specific individuals who are involved with the facts of his case. Green is advised that his amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself, without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Green's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that Green's Complaint, ECF No. 1, is **DISMISSED without prejudice**. If Green wishes to proceed with this lawsuit, he must pay the filing fee and file an amended complaint. An amended complaint must be filed with the Court on or before **June 12, 2025**. If the Court does not receive Green's amended complaint by that date, the case will be dismissed for his failure to prosecute pursuant to Civil L.R. 41(c).

Dated at Milwaukee, Wisconsin on May 13, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge